## THE FRANK A. BAKER, JR.

## M. & J. TRACY, Inc., v. HEDGER TRANSP. CO., Inc.

## THE FREDERICK STARR NO. II.

## FREDERICK STARR CONTRACTING CO., Inc., v. HEDGER TRANSP. CO., Inc.

District Court, S. D. New York.

March 9, 1932.

Foley & Martin, of New York City (James A. Martin, of New York City, of counsel), for libelant M. & J. Tracy, Inc.

Macklin, Brown, Lenahan & Speer, of New York City (Carl Vander Clute, of New York City, of counsel), for libelant Frederick Starr Contracting Co., Inc.

Single & Single, of New York City (Thomas H. Middleton, of New York City, of counsel), for respondent.

COXE, District Judge.

I think it was negligence for the tug Ariel to have proceeded beyond Lock 16 in view of the weather conditions existing at that point.

The tow left Buffalo November 23, 1926, or two days before the last day for clearing wooden barges for New York; there was an apparent risk, therefore, that the canal might freeze over before the completion of the trip. The tow reached Lock 17 at Little Falls at 5:30 p. m. on December 1st, after having passed through a severe storm accompanied by snow east of Lock 18. During the night of December 1st, the boats were tied up at Lock 17, and on the morning of December 2d they started again for New York. The first ice of any real consequence was encountered in the land out below Little Falls, and from there on the ice conditions grew steadily worse until the boats were forced to abandon the trip at Lock 7.

Captain Coyne testified that the ice below Little Falls was about an inch thick, and that a path was cleared for him by a Dunbar & Sullivan tug. He arrived at Lock 16, which is eight miles east of Little Falls, about noon on December 2d; reached Amsterdam on December 5th, and remained there until the 13th; from Amsterdam the tow pushed on to Lock 7, where the barges were tied up for the winter. The principal damage to the two barges was caused by the heavy ice between Amsterdam and Lock 7, although some was due to the grounding near Lock 12.

Captain Holmes, a witness for the Hedger Company, testified that the cold weather came on overnight on December 1st, and that the ice formed "at the rate of about four inches a night there for over a period of about ten days"; and although the freezing may have been unusually severe for that time of year, I am satisfied from the statistics appearing in the depositions that it cannot fairly be said to have been entirely abnormal. According to Captain Coyne, there was a safe place at Little Falls where the barges might have tied up for the winter; but after leaving Little Falls there was no place of refuge, with the possible exception of Schenectady, and, even there, it is doubtful whether under ordinary conditions the boats would have been safe until the canal opened the following spring. Therefore, once beyond Little Falls, it was safer to continue to Lock 7 than

to attempt to tie up at any of the intervening points. But at Lock 16 it was, I think, indicated that serious trouble might reasonably be expected before Lock 7 could be reached, and ordinary prudence required that the tow should not be subjected to the hazard of rapidly forming ice beyond that point. If the tug desired to take the risk of damage from such conditions, it should not be permitted to escape liability therefor to the owners of the chartered barges. I, therefore, find that the Hedger Company has not satisfactorily met the burden of explanation resting on it, The Sundial (C. C. A.) 43 F.(2d) 700; and it follows that there may be a decree for the libelant in each suit with costs.